IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF TEXAS, ex rel. MONICA LYNCH,　　Plaintiffs,　v.　EL PASO HEALTHCARE SYSTEM, LTD.; M.D. MARIO NUTIS; NUTIS MEDICAL, PLLC; and DOES 1–99,　　Defendants. | §§§§§§§§§§§§§§ CAUSE NO. EP-23-CV-104-KC |

## ORDER

On this day, the Court considered Defendants' Opposed Motion to Stay Discovery ("Stay Motion"), ECF No. 54, and Defendants' Opposed Motion for Confidentiality/Protective Order ("Mot. CPO"), ECF No. 57.

Defendants argue that discovery should be stayed while the Court considers the two pending Motions to Dismiss: Nutis Defendants' Motion to Dismiss, ECF No. 33; and Defendant El Paso Healthcare's Motion to Dismiss, ECF No. 34. Stay Mot. 10. Defendants also argue that discovery should be stayed until Relator can identify and serve the unnamed defendants. *Id.* Specifically, Defendants contend that a "stay under the circumstances and current posture of this case would promote efficiency and fairness, streamline the parties and issues in dispute, avoid undue burden on the current Defendants, with attendant undue risk of prejudice to them and the others." *Id.*

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th

Cir. 1987). And "[a] district court properly exercises this discretion to stay discovery upon a showing of good cause." *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016) (citing Fed. R. Civ. P. 26(c)). "Good cause exists when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay." *Id.* (quoting Fed. R. Civ. P. 26(c)).

"While 'a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise.'" *Ramirez v. Dep't of Just.*, No. 3:22-cv-462-KC, 2023 WL 3485995, at *1 (W.D. Tex. May 12, 2023) (citation omitted). Even so, "courts regularly grant requests for a stay pending resolution of motions to dismiss in certain special circumstances." *Id.* (citations omitted). For example, courts "may take into consideration the nature and complexity of the action." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citation omitted). Therefore, in cases involving multiple defendants and motions to dismiss, a stay of discovery until the motions are resolved may be justified. Even if only some of the claims or defendants are dismissed, "staying discovery . . . will serve to substantially reduce the economic burden of full party discovery." *Id.* at 116 (staying discovery pending outcome of motion to dismiss where sixteen entities or individuals were named in the complaint); *see also In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002) ("The Court retains ample discretion to tailor discovery to minimize incidental costs incurred by defendants with pending motions to dismiss." (citing Fed. R. Civ. P. 26(b)(2)).

Here, Relator is seeking to identify and serve as many as ninety-nine potential fictitious Doe Defendants, and two motions to dismiss are pending. Until these motions are resolved, and

until Relator can identify all defendants to this action, there is good cause to stay discovery to prevent undue burden or expense to any Defendant, and to avoid lengthy, piecemeal litigation. While a stay of most discovery is appropriate, the Court permits discovery to proceed as necessary for the limited purpose of identifying and serving the unnamed defendants.  Therefore, the Stay Motion is granted in part.

Relatedly, Defendants seek a protective order from Relator's first set of interrogatories because the discovery requests were not "geared toward accomplishing their stated goal" of "identifying Doe defendants."  Mot. CPO 2.  Defendants argue that Relator sought "broad discovery on the merits of Relator's claims against the named Defendants" rather than for the "narrow purpose" of identifying the unnamed defendants.  Mot. CPO 7–8.  Relator responds that the discovery sought is meant to "identify relevant obstetricians" to determine if the "individuals have sufficient nexus to Relator's allegations to be named as a defendant."  Resp. Mot. CPO 2, ECF No. 59.  Again, limited discovery into the identity of the unnamed defendants is permitted. With that determination made, the parties must meet and confer to discuss the appropriate scope of said discovery.

Accordingly, Defendants' Opposed Motion to Stay Discovery, ECF No. 54, is **GRANTED in part**.  All deadlines and discovery, except as needed to identify and serve unnamed defendants, in this matter are **STAYED** pending resolution of Defendants' Motions to Dismiss.

**IT IS FURTHER ORDERED** that Defendants' Motion for a Confidentiality/Protective Order, ECF No. 57, is **GRANTED in part.**  The parties are **ORDERED** to meet and confer to discuss the appropriate scope of discovery necessary for Relator to identify, name, and serve Does 1-99.  They shall then **FILE** a joint report, <u>**by no later than December 8, 2025**</u>, informing

the Court whether they have reached agreement as to the scope of such discovery and if not, setting forth any remaining areas of disagreement with specificity. In their joint report, the parties shall also propose a timeline for the completion of this limited preliminary discovery.

**SO ORDERED**.

**SIGNED this 17th day of November, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE